**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation, and HYUNDAI MOTOR COMPANY, a Korean corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RYDELL CHEVROLET, INC., a Delaware corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 6:15-cv-02041 EJM <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **TRADEMARK INFRINGEMENT (15 U.S.C. §§1114);** <br><br> 2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§1125(a)(1)(A) and (a)(1)(B));** <br><br> 3. **TRADEMARK DILUTION (15 U.S.C. §§1125(c)** <br><br> 4. **COMMON-LAW TRADEMARK INFRINGEMENT;** <br><br> 5. **COMMON-LAW UNFAIR COMPETITION;** <br><br> 6. **TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE §14247; AND** <br><br> 7. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs HYUNDAI MOTOR AMERICA, INC. ("HMA") and HYUNDAI MOTOR COMPANY ("HMC") (collectively where appropriate "Hyundai" or "Plaintiffs") assert the following claims against Defendant RYDELL CHEVROLET, INC. ("Rydell"), and Defendants DOES 1-10 ("Doe Defendants") (collectively RYDELL and the Doe Defendants are referred to as the "Defendants" where appropriate):

## JURISDICTION AND VENUE

1.      Jurisdiction of this action is premised upon 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332(a)(1), 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  The amount in controversy as alleged herein exceeds the jurisdictional limit of this Court.

2.      This Court has personal jurisdiction over Defendants because they are importing, promoting, selling, and distributing the products at issue in this Complaint into this State and this District, and which has caused and will continue to cause injury and damage to Plaintiffs within this State and this District, and because they continuously and systematically conduct, transact, and solicit business in this State and within this District.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiffs claims occurred in this judicial district.

## NATURE OF ACTION

4.      This is an action for damages and injunctive relief for (i) trademark infringement under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§1114, 1116 and 1117; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (iii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c); and (iv) related claims arising under common law and California law.

5.      HMC, one of the leading automobile manufacturers in the world, manufactures Hyundai-branded parts for sale in the United States and abroad.  HMA is the exclusive distributor of, among other things, those Hyundai-branded parts in the United States.  Hyundai-branded parts that are manufactured for sale and use in the United States are made to precise

specifications and must meet certain and specific quality standards, applicable to the U.S., and which are perfectly compatible with Hyundai vehicles sold in the U.S.  That is not true for Hyundai-branded parts meant for sale outside of the U.S. and abroad.  Rather, Hyundai branded parts meant for sale abroad contain numerous physical and non-physical material differences including, but not limited to, differences in packaging, warning labels, production methods, part numbers, weight, and warranty protection.  Sale of those products in the United States constitutes illegal gray-market goods.

6.      Defendants are importing, promoting and selling Hyundai branded automobile parts, which parts were meant for sale abroad, or rejected for sale in the United States, to at least, HMA's authorized dealers in the United States.  Defendants are representing those parts to be "Genuine" Hyundai parts and/or accessories when in fact they are not.  Rather, those parts contain numerous physical and non-physical material differences and constitute illegal gray-market goods.  Defendants' importation, promotion and sale of those products violates Plaintiffs' statutory and common law trademark rights and constitutes false designation of origin and unfair competition.

## THE PARTIES

7.      HMA is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in Fountain Valley, California.  HMA has been granted the exclusive license by HMC to distribute Hyundai brand vehicles and parts in the United States that bear the trademarks, trade names and/or trade dress of HMC, and HMA has the right to enforce those rights and/or sub-license those rights to dealers, distributors, and others.  HMA also is the owner of certain other trademarks associated with the Hyundai line of automobiles and automobile parts.  HMA has an economic interest in the trademarks, trade

names, trade dress and designation of origin of the mark "Hyundai" whether used alone or in conjunction with other words or marks.

8.      HMC is a Korean company located in Seoul, Republic of Korea. HMC is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.  HMC has an economic interest in the trademarks, trade names, trade dress and designation of origin of the mark "Hyundai" whether used alone or in conjunction with other words or marks.

9.      Rydell is a corporation, duly organized and existing under the laws of the State of Delaware, with its principal of business in Waterloo, Iowa.  Rydell either directly or indirectly markets, advertises and/or sells goods and products, including the products at issue in this complaint to third parties within this District, and thus, does business in this District.

10.      Plaintiffs are presently unaware of the true names and identities of defendants "DOES 1-10" herein, but are informed and believe that persons and entities in addition to the specifically-named Defendants herein are directly and personally contributing, inducing, and/or engaging in the sale of infringing goods as alleged herein as partners and/or suppliers to the Defendants, and are legally liable for matters alleged in this Complaint.  Plaintiffs will amend or seek leave to amend this Complaint as appropriate to add additional specific defendants upon determining the true names and identities of the "DOE" defendants.

11.      Plaintiffs are informed and believe, and on that basis allege, that during all times mentioned herein, each of the Defendants was the duly authorized agent, servant or representative of each other defendant and was acting at all times both on its own behalf and on behalf and within the course and scope of its agency or representative capacity, with the knowledge and consent of the other defendant.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. HMC was established in 1967 and has become one of the leaders in the automotive market. Today, HMC designs, manufactures, markets, distributes, and sells a wide range of motor vehicles and parts to over 190 countries throughout the world, including in the United States, under the trademark, Hyundai. Its name and trademarks have achieved worldwide recognition, including in the U.S.

13. HMA is a subsidiary of HMC. Since 1986, HMA has been the exclusive distributor in the United States of, among other things, Hyundai motor vehicles, and Hyundai brand automobile parts and accessories. The Hyundai Santa Fe is a sports utility vehicle ("SUV") that has received extensive press and industry praise, and has become one of the best-known models of Hyundai vehicles. Some of the Hyundai-branded parts and accessories include, but are not limited to, Hyundai Santa Fe Front Fascia Absorber (bumper) (part number 86520-4Z000); Hyundai Santa Fe Chrome Grille (part number 86561-2B700); Hyundai Santa Fe Grille (part number 86351-2W000); and Hyundai Fog Lamp Assembly (for Santa Fe) (part number 92202-4Z000) (the "Hyundai Genuine Parts"). HMA's automotive parts and accessories, including the Hyundai Genuine Parts, are sold exclusively through HMA authorized dealers ("Dealers"), pursuant to a Dealer Sales and Service Agreement ("DSSA"), discussed in more detail below.

14. HMA and/or HMC sells motor vehicles, automotive parts, and accessories, including the Hyundai Genuine Parts, and related services under the following family of registered United States trademarks:

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| HYUNDAI | 1104727 | October 24, 1978 | For International Class 12 for: Cars, trucks and buses |
| HYUNDAI | 3991863 | July 12, 2011 | For International Classes 7 for:<br><br>Water pumps for land vehicles; cylinder heads used on engines; pistons for land vehicles; fans for motors and engines; vehicle engine parts, namely, oil coolers; oil filters for land vehicles; vehicle parts, namely, radiator supporting panels; radiator grilles for land vehicles and<br>For International Classes 7 for:<br><br>Bearings for land vehicles, namely, axle bearings, engine bearings, wheel bearings; engines and motors mufflers; clutch covers for land vehicles; transmissions for land vehicles; disk brakes for land vehicles; rearview mirrors for automobiles; windscreen wipers for automobiles; rubber belts for land vehicles; fuel tanks for land vehicles; wheels caps for land vehicles; bumpers for automobiles; hoods for automobiles; doors for automobiles; trunk panels for land vehicles; bumpers for land vehicles; door handles for automobiles; aerials for automobiles; horns for automobiles |
|  | 1569538 | December 5, 1989 | For International Class 12 for: Automobiles and structural parts thereof |

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| HYUNDAI | 4065195 | December 6, 2011 | For International Class 12 for: Bearings for land vehicles, namely, axle bearings, wheel bearings; mufflers for land vehicles; transmissions for land vehicles; rearview mirrors for automobiles; bumpers for automobiles; windscreen wipers for automobiles; seat covers for automobiles; tire chains for automobiles; radiator grills for land vehicles; body panels for vehicles; air bags for vehicles; swing doors for vehicle engines; glasses for vehicles, namely, glass windows for vehicles; clutches for land vehicles; fan motors for vehicles; air sensors for vehicles; brake pads for land vehicles; suspensions for vehicles, namely, wheel suspensions, suspension struts; springs for vehicles, namely, coil springs, leaf springs; speed sensors for vehicles; sun roofs for vehicles; fuel gauges for vehicles; oil seals for vehicles, namely, transmission seals; wiper motors for vehicles; control units for vehicles, namely, air suspension valves for controlling suspension height for vehicles, electronic stability system to allow better control and maneuverability of trucks and trailers, sold as an integral component of trucks; pedals for vehicles, namely, brake pedals, gas pedals |
| HYUNDAI | 4169651 | Jul. 10, 2012 | International Class 11 for: Automobile lamps; lights for vehicles; vehicle reflectors; lamps |

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| | | | for vehicle directional signals; lamp fittings, namely, anti-dazzle devices for vehicles; heating and cooling systems for vehicles; defrosting apparatus for vehicles; air conditioners for vehicles; lighting apparatus for vehicles; headlights for vehicles; heating and air-conditioning ventilation installations and apparatus for vehicles; heaters for vehicles |

15.     Specifically, HMC is the owner of U.S. Registration No. 1,104,727; U.S. Registration No. 3,991,863; U.S. Registration No. 4,065,195 and U.S. Registration No. 4169651 (the "HMC Marks").  HMA is the owner of U.S. Registration No. 1,569,538 (the "HMA Mark"). The HMC Marks and the HMA Mark are collectively referred to as the "HYUNDAI MARKS," copies of which registrations are attached hereto as **EXHIBIT A.**

16.     All of the above federal registrations are in full force and effect and are in good standing.

17.     HMA is also a licensee of the HMC Marks, in association or connection with the promotion, distribution, sale and service of Hyundai brand vehicles and parts, including the Hyundai Genuine Parts, in the United States.

18.     Independent of the foregoing registrations, HMA and/or HMC own and hold common-law rights in the HYUNDAI MARKS, including nationwide common-law trademarks.

19.     The HYUNDAI MARKS have, among others, all been used in commerce continuously in the United States by HMA and/or HMC prior to Defendants' usage of the same or similar marks and designation of origin, as described herein.

20. HMA and/or HMC exercise great care in selecting the Dealers. In doing so, substantial monies and efforts are expended by HMA and/or HMC to control the nature and quality of the goods and services which such Dealers may employ in using the HYUNDAI MARKS. In the United States, Dealers are required to perform warranty work using only Hyundai Genuine Parts. Additionally, Dealers market and sell Hyundai Genuine Parts to retail customers.

21. HMA and/or HMC have also expended significant time, money and effort in ensuring that the Hyundai Genuine Parts comply with its stringent internal quality standards and with state and federal laws and regulations in the United States.

22. For many years, HMA and/or HMC have spent many millions of dollars in advertising Hyundai motor vehicles, products and related services and to specifically promote and develop the HYUNDAI MARKS. These substantial expenditures of time, money and effort have resulted in a reputation for exceptionally high quality standards. HMA and/or HMC have also developed marketing strategies and designed packaging, promotional materials and specific products for the market in the United States, consistent with this reputation and high quality standards. Plaintiffs vigorously protect their reputation and goodwill by maintaining the highest standards in their products, appearance, and customer service.

23. Because of these efforts, the HYUNDAI MARKS and the products and services which use them, have developed substantial good will, and have established secondary meaning in the United States.

24. The HYUNDAI MARKS have been famous in the United States long before the acts of Defendants set forth herein.

## MANUFACTURE OF HYUNDAI GENUINE PARTS

25.     A variety of suppliers from around the world manufacture Hyundai Genuine Parts according to HMC's specifications.  Hyundai Genuine Parts are the same parts used by Hyundai plants in Korea and in the United States to manufacture Hyundai vehicles.  Parts that are earmarked and destined for sale in the United States, exclusively through HMA and its Dealers, are ordinarily manufactured either in Korea or in the United States by a variety of authorized manufacturers and/or suppliers.

26.     Hyundai Genuine Parts are designed and tested for the optimum safety, performance, and reliability to Hyundai's customers.  In addition, the Hyundai Genuine Parts earmarked for sale and/or use in the United States are specifically designed and manufactured in accordance with and to meet the applicable U.S. standards and regulations, including environmental and federal motor vehicle safety standards.  If any Hyundai Genuine Part does not meet safety, quality, or manufacturing requirements or standards, that Part is rejected for use.

27.     Hyundai Genuine Parts manufactured for use in and/or sale in the United States have material differences from those manufactured for use and/or sale outside the United States. Because of these material differences, if a non-Hyundai Genuine Part is used during the repair of Hyundai vehicles or as a replacement part, compatibility, performance and/or crash safety issues can arise.

28.     Warranties for the Hyundai Genuine Parts sold in the United States also differ from those sold elsewhere.  Parts sold for use in the United States are specifically covered under the vehicle's New Vehicle Limited Warranty on which they are installed.  If that part supplied by HMA and installed by an authorized dealer is purchased as a "customer pay" repair (i.e., one that is not covered under a warranty), the warranty for the Hyundai Genuine Part is twelve months or 12,000 miles, whichever comes first.

29.     Parts manufactured for sale and use outside of the United States, on the other hand, carry no warranty whatsoever in the United States.  In addition, any damage to or failure of Hyundai Genuine Parts caused by the installation or failure of an imitation part is not and would not be covered by any Hyundai warranty.

30.     Neither HMC nor HMA has authorized the sale or use of Hyundai Genuine Parts that are manufactured for use or sale outside the United States to be sold for use or used on vehicles in the United States.

## DEFENDANTS' UNLAWFUL ACTS

31.     Commencing long after Plaintiffs' use of the HYUNDAI MARKS, and without Plaintiffs' consent, Defendants have and continue to actively and knowingly import, distribute, promote, and/or sell in the United States, replacement automotive parts bearing the HYUNDAI MARKS, which Plaintiffs did not intend for sale or use in the United States, but rather were intended for sale elsewhere, and/or which parts were rejected for use anywhere, and which parts contain material differences.

32.     Defendants advertise on their website that they will sell and supply "Genuine OEM Parts" to repair facilities throughout North America at a fraction of regular OEM pricing. Defendants represent that these "Genuine OEM Parts" were "originally destined to build great cars and trucks, but due to production changes or minor cosmetic flaws were excluded from the new-vehicle process."

33.     Defendants are importing these parts into the United States through channels other than Plaintiffs.

34.     Plaintiffs, through a Dealer, purchased from Rydell samples of the following four products that Rydell promoted and represented to be "Genuine OEM Surplus Parts"

(collectively, the "Rydell Products"), when in fact they are not:

    a.   Hyundai Santa Fe Front Fascia Absorber (bumper) (part number 86520-4Z000);

    b.   Hyundai Santa Fe Chrome Grille (part number 86561-2B700);

    c.   Hyundai Santa Fe Grille (part number 86351-2W000); and

    d.   Hyundai Fog Lamp Assembly (for Santa Fe) (part number 92202-4Z000).

35.     Plaintiffs analyzed and compared the Rydell Products that it purchased to the corresponding Hyundai Genuine Part specifically manufactured for sale and/or use in the United States. Through this analysis and comparison Hyundai determined that the Rydell Products are not in fact "genuine," but rather contain, without limitation, at least the following specific material physical differences:

    a.   <u>Hyundai Santa Fe Front Fascia Absorber (bumper) (part number 86520-4Z000)</u>:

        i.     differences in the packaging, namely the Rydell Products were not wrapped in any protective packaging such as a clear plastic bag;

        ii.     differences in where the part label is adhered, namely the labels for the Rydell Products were adhered directly on the product instead of the packaging;

        iii.     differences in the appearance of the Hyundai logo imprinted on the Rydell Products as compared with the Hyundai Genuine Part;

        iv.     differences in the weight of the Products, specifically, the Rydell Products are 7.2% lighter than the Hyundai Genuine Part;

    b.   <u>Hyundai Santa Fe Chrome Grille (part number 86561-2B700)</u>;

i.       differences in where the part number information is located, namely the part number information for the Rydell Products is attached to the white plastic envelope instead of a shipping box;

ii.      differences in the packaging, namely the Rydell Products did not have their own box but were packaged in a white plastic envelope;

iii.     differences in the part assembly, specifically the Rydell Products are made up of three separate parts, while the Hyundai Genuine Part is a single replacement part, not an assembly;

iv.      differences in the manufacture of the part, namely the Rydell Products contain a mesh type grill assembly, while the Hyundai Genuine Part does not;

v.       differences in the part number molded into the product, namely a different part number is molded into the Rydell Products.

c.    Hyundai Santa Fe Grille (part number 86351-2W000):

i.       differences in where the part number information is located namely the part number information for the Rydell Products is attached to bubble wrap instead of a shipping box;

ii.      differences in the packaging, namely the Rydell Products did not have their own box but were packaged in bubble wrap;

iii.     differences in the manufacture of the part, namely the Rydell Products have a chrome Hyundai logo and chrome trim attached to the product, while the Hyundai Genuine Part does not contain chrome;

iv. differences in the manufacture of the part, namely the Rydell Products have support arms attached to each Product while the Hyundai Genuine Part does not;

v. differences in the quality of the part, namely one of the samples of the Rydell Product is cracked and the chrome layer has peeled away, and has an inspection sticker indicating that the part is damaged and/or has been rejected for quality issues;

vi. differences in the assembly, namely the Rydell Product is an assembly line type sub-assembly that include ten separate parts.

d. <u>Hyundai Fog Lamp Assembly (For Santa Fe) (part number 92202-4Z000)</u>:

i. differences in the packaging, namely the Rydell Product did not have its own box but was packaged in bubble wrap;

ii. differences in the part number label, namely the Rydell Product had a non-OEM type part number label, which was adhered to the bubble wrap;

iii. differences in the quality of part, namely one of the Rydell Product samples ("Sample 1") has an inspection sticker on the part indicating that it is damaged and/or has been rejected for quality issues;

iv. differences in the quality of the part, namely the inboard mounting tab on the Sample 1 Rydell Product has been broken off, and was not otherwise present in the packaging or wrapping;

v. differences in the quality of the part, namely a repair was

attempted on the Sample 1 Rydell Product, and thus, is no longer
"new";

    vi.       differences in the assembly of the part; namely the inboard ball and
socket mount on the Sample 1 Rydell Product is not properly
engaged which allows the lamp housing to be loose and wobble on
the bracket;

    vii.      differences in the quality of part, namely the second Rydell
Product sample ("Sample 2") has an inspection sticker on the part
indicating that has been rejected;

    viii.    differences in the quality of the part, namely the outboard mount
between the lamp housing and bracket on the Sample 2 Rydell
Product is broken;

    ix.       differences in the quality and/or the assembly of part, namely the
Sample 2 Rydell Product has a black rubber block mounted
between the light housing and bracket; the rubber block is not a
normal piece of the assembly, and appears to be stabilizing the
lamp and housing due to broken mount;

36.    As explained above, the Hyundai Genuine Parts sold in the United States are
manufactured according to Plaintiffs' specifications. Those specifications do not provide for the
labeling, packaging, appearance, assembly, weight, quality, and/or other product characteristics
described in Paragraph 35, which are found in the Rydell Products. Thus, Plaintiffs are informed
and believe and thereon allege that, for at least the reasons stated in Paragraph 35, all or
substantially all of the Hyundai Genuine Parts are materially different from the Rydell Products.

37.     The Rydell Products have not be subjected to the exacting quality and/or safety standards associated with the Hyundai Genuine Parts and are not equivalent to the Hyundai Genuine Parts in quality and/or design, and do not originate with, and/or are not sponsored by Plaintiffs in the United States.  Plaintiffs have never imported, promoted, distributed and/or sold into the United States the Rydell Products, and have never authorized the importation, promotion, distribution and/or sale of the Rydell Products for sale and/or use in the United States.

38.     The Rydell Products are not covered under HMA's and/or HMC's warranty and have one or more material physical differences compared to the Hyundai Genuine Parts which are meant for sale and use in the United States.  As a result, Plaintiffs cannot guaranty the quality and/or safety of the Hyundai Genuine Parts.  The Rydell Products thus constitute unlawful "gray-market" goods (hereinafter the "Non-Genuine Hyundai Parts").

39.     More specifically, none of the Rydell Products, which, as stated, Rydell sells without authorization from Plaintiffs, are covered under HMA's and/or HMC's warranty.  By contrast, authorized sales of the Hyundai Genuine Parts in the United States are covered by HMA's and/or HMC's warranty.  Therefore, Plaintiffs are informed and believe and thereon allege that, in at least that respect, all or substantially all of the Hyundai Genuine Parts are materially different from the Rydell Products.

40.     Plaintiffs also have reason to believe that some of the Rydell Products may be counterfeit.  The determination of whether these parts are counterfeit or not depends on the source from which Rydell purchased those specific products.  Only through the course of discovery can Hyundai determine if certain parts are counterfeit (as opposed to illegal gray-market) and if such a determination is made, Hyundai will see leave of court to amend its

complaint to further allege the sale of counterfeit RYDELL Products by Defendants.

41.     In addition, upon information and belief, and based upon Rydell's advertising on its website, Rydell continues to and is importing and currently offering for sale other additional Hyundai parts, including but not limited to, bumper covers, tail lamps, headlamps, real marker lamps, upper grilles, and rear back up sensors.   Plaintiffs will continue to investigate these parts to determine if they are gray-market, counterfeit and/or otherwise infringing upon Plaintiffs' intellectual property rights and will move to amend the complaint accordingly.

42.     Defendants are importing, promoting, distributing, and selling the Non-Genuine Hyundai Parts to HMA Dealers, and upon information and belief, directly to consumers, and representing the Non-Genuine Hyundai Parts to the Dealers and the public as "Genuine" when in fact they are not.

43.     By selling the Non-Genuine Hyundai Parts in the United States, without Plaintiffs' consent, Defendants have taken away Plaintiffs' ability to control the quality of their products, and misrepresented to the Dealers and/or consumers the origin and quality of the Hyundai brand.

44.     Defendants' have knowingly used in commerce a reproduction, counterfeit, copy or colorful imitation of the HYUNDAI MARKS in connection with the sale, offering for sale, distribution, and/or advertising of the Non-Genuine Hyundai Parts which such use is likely to cause confusion, or to cause mistake, and/or to deceive.

45.     Defendants have, among other things, knowingly reproduced, counterfeited, copied or colorably imitated Plaintiffs' rights in the common-law and registered HYUNDAI MARKS and have knowingly applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to

be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.  The Non-Genuine Hyundai Parts sold by the Defendants differ materially from the Hyundai Genuine Parts as described herein, and do not originate with, are not sponsored by and are not distributed by Plaintiffs.

46.     Defendants are intentionally and willfully importing, purchasing, promoting, distributing, offering for sale, and/or selling in the United States, without Plaintiffs' authorization and/or consent, the Non-Genuine Hyundai Parts to unfairly and fraudulently compete with Plaintiffs, and to benefit from the valuable and favorable reputation and goodwill of the HYUNDAI MARKS, the Hyundai products, including but not limited to the Hyundai Genuine Parts, and the Hyundai brand.

47.     Defendants have and continue to use the HYUNDAI MARKS in such a fashion as to intentionally create a false impression among the consuming public that its goods originate from Plaintiffs or are sponsored, approved by, managed and/or affiliated with Plaintiffs, and to misrepresent the origin and quality of goods sold.

48.     Defendants' foregoing acts were and are likely and intended to cause confusion and mistake among the public, customers, prospective customers, creditors, suppliers and others and to deceive them as to, among other things, (i) the affiliation, connection, and association of Defendants with Plaintiffs, (ii) the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs, and (iii) the nature, characteristics, and quality of Defendants' goods, services or commercial activities; all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendants' products, goods or services.

49.     More specifically, Rydell's foregoing acts were and are likely and intended to confuse and/or deceive the public as to which characteristics are properly associated with the HYUNDAI MARKS.  Results of that confusion include but are not limited to the erosion of the goodwill of Hyundai in the United States and/or harm to the reputation and/or value of the HYUNDAI MARKS.  Simply put, the HYUNDAI MARKS have suffered and will continue to suffer negative associations through Rydell's use.

50.     By reason of the foregoing, Plaintiffs have suffered and will continue to suffer damage to its property, business, reputation, and goodwill, and has suffered and will continue to suffer dilution of the distinctive quality of the HYUNDAI MARKS, and has lost and will continue to lose income and profits that Plaintiffs would have earned but for Defendants' foregoing acts, in an amount in excess of the jurisdictional limits of this Court.

51.     The acts of Defendants alleged herein were knowing, intentional, willful and extraordinary.

52.     Plaintiffs' remedy at law is inadequate to compensate Plaintiffs fully for their injuries.  Defendants are continuing the foregoing activities and, unless enjoined, will continue to do so, all to Plaintiffs' irreparable damage.  It would be extremely difficult or impossible to estimate the amount of compensation which would afford Plaintiffs complete monetary relief for such continuing acts.  A multiplicity of judicial proceedings would be required in the absence of appropriate injunctive relief.

## FIRST CAUSE OF ACTION

## FOR TRADEMARK INFRINGEMENT (15 U.S.C. §§1114)

53.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 52 above.

54.     Defendants' importation, promotion, distribution, use and/or threatened continued use in commerce of the Non-Genuine Hyundai Parts which bear trademarks that are identical or nearly identical to federally registered HYUNDAI MARKS constitutes a wrongful use of an unauthorized reproduction, counterfeit, copy or colorable imitation of one or more of the registered HYUNDAI MARKS.

55.     Defendants' importation, promotion and distribution of the Non-Genuine Hyundai Parts have caused and/or are likely to continue to cause confusion, or to cause mistake, or to deceive, including but not limited to whether Plaintiffs guarantee and/or warrant the quality of the Non-Genuine Hyundai Parts.

56.     Defendants' willful acts are intended to reap the benefit of Plaintiffs' reputation and good will that they have created in its HYUNDAI MARKS, and constitutes infringement of the federally registered trademarks, which HMA and/or HMC own and/or of which HMA is the exclusive licensee, in violation of sections 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

57.     As a direct and proximate result of Defendants' illegal and willful activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

58.     Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

59.     Defendants' infringement of the HYUNDAI MARKS is deliberate, willful,

fraudulent and without any extenuating circumstances, and constitutes a knowing use of the

HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15

U.S.C. §1117). Plaintiffs are therefore entitled to recover three times the amount of its actual

damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seeks judgment as set forth herein.

## SECOND CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(A))

60.     Plaintiffs hereby re-alleges the allegations set forth in Paragraphs 1 through 59

above.

61.     Defendants' use and threatened continued use in connection with importing,

selling, offering for sale, advertising, marketing, promoting and packaging the Non-Genuine

Hyundai Parts bearing the HYUNDAI MARKS and/or marks which are identical or nearly

identical to the HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and

words, terms, names, symbols, and/or devices that suggest that Defendants' goods originated

with, were manufactured by or are sponsored by Plaintiffs constitute a false designation of origin

and a false description and representation of Defendants' business and products. Defendants'

acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation, connection or association of Defendants with Plaintiffs, or as to the origin,

sponsorship or approval of Defendants' goods, services or commercial activities by Plaintiffs.

62.     The aforesaid wrongful acts of Defendants constitute the use of a false

designation of origin and false description of representation, in violation of section 43(a) of the

Lanham Act (15 U.S.C. §1125(a)(1)(A)).

63.     As a direct and proximate result of Defendants' illegal activities, Plaintiffs have

suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

64.     Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

65.     Defendants' use of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seeks judgment as set forth herein.

## THIRD CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(B))

66.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 65 above.

67.     Defendants' use and threatened continued use in connection with importing, selling, offering for sale, commercial advertising, marketing, promoting and packaging Non-Genuine Hyundai Parts bearing the HYUNDAI MARKS and/or marks which are identical or nearly identical to the HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and words, terms, names, symbols, and/or devices that suggest that Defendants' goods originated with, were manufactured by or are sponsored by Plaintiffs constitute a false designation of origin

and a false description and representation of Defendants' business and products. Defendants'

acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to

nature, characteristics, qualities, and/or geographic origin of Defendants' goods, services or

commercial activities by Plaintiffs.

68.     The aforesaid wrongful acts of Defendants constitute the use of a false

designation of origin and false description of representation, in violation of section 43(a) of the

Lanham Act (15 U.S.C. §1125(a)(1)(B).

69.     As a direct and proximate result of Defendants' illegal activities, Plaintiffs have

suffered and will continue to suffer damages in an amount presently unknown and to be

ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this

Court.

70.     Defendants' conduct has caused and will continue to cause immediate and

irreparable injury to Plaintiffs and will continue to damage Plaintiffs and deceive the public

unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

71.     Defendants' use of the HYUNDAI MARKS is deliberate, willful, fraudulent and

without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI

MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).

Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the

attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## FOURTH CAUSE OF ACTION

## FOR TRADEMARK DILUTION (15 U.S.C. §1125(c))

72.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 71

above.

73.     The HYUNDAI MARKS have been and continue to be "famous" as defined by 15 U.S.C. § 1125(c)(1) due to their continued and extensive use in advertising and marketing. The HYUNDAI MARKS were famous well before Defendants imported, distributed, offered for sale, or sold the Non-Genuine Hyundai Parts.

74.     Defendants' use and threatened continued use of the marks which are identical or nearly identical to the HYUNDAI MARKS, through the unauthorized importation, promotion, distribution and/or sale of the Non-Genuine Hyundai Parts, do not comply with Plaintiffs' quality and/or safety control policies has and will continue to tarnish Plaintiffs' reputation and dilute and injure the value of the HYUNDAI MARKS as indicators of high quality goods that consumers expect from Plaintiffs,  is in willful violation of section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

75.     As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

76.     Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

77.     Defendants' dilution of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).

Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## FIFTH CAUSE OF ACTION

## FOR COMMON LAW TRADEMARK INFRINGEMENT

78.    Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 77 above.

79.    Defendants' acts alleged herein and specifically, without limitation, Defendants' use of the HYUNDAI MARKS, infringe Plaintiffs' exclusive trademark rights in the HYUNDAI MARKS, in violation of the common law.

80.    Defendants' conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law in that the amount of their damages is difficult to ascertain with specificity.

81.    As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial consisting of among other things, diminution in the value of the goodwill associated with the HYUNDAI MARKS.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## SIXTH CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

82.    Plaintiffs hereby re-alleges the allegations set forth in Paragraphs 1 through 81 above.

83.    Upon information and belief, Defendants have engaged in and continue to engage

in unfair competition by using the HYUNDAI MARKS, on information and belief, with the intention of trading on the business reputation and goodwill engendered by Plaintiffs through hard work and diligent effort, and "passing off" its goods as those of another, namely Plaintiffs.

84.     Defendants' acts have caused Plaintiffs competitive injury, as described herein, and specifically have caused Plaintiffs to incur damages in an amount to be proved at trial consisting of among other things, diminution in the value of and goodwill associated with the HYUNDAI MARKS.

85.     Defendants' acts as alleged above, and specifically, without limitation, Defendants' use of the HYUNDAI MARKS, If not enjoined, will continue.  Plaintiffs have no adequate remedy at law in that amount of their damages is difficult to ascertain with specificity.

WHEREFORE, Plaintiffs seeks judgment as set forth herein.

## SEVENTH CAUSE OF ACTION FOR TRADEMARK DILUTION

## UNDER CAL. BUS. & PROF. CODE §14247

86.     Plaintiffs hereby re-allege the allegation set forth in Paragraphs 1 through 85 above.

87.     The HYUNDAI MARKS are distinctive and famous within the meaning of Section 14247 of the California Business and Professions Code.

88.     Defendants' use of the HYUNDAI MARKS began after the HYUNDAI MARKS became famous.

89.     Defendants' continued use of the HYUNDAI MARKS is likely to cause injury to Plaintiffs' business reputation and/or the dilution of the distinctive quality of Plaintiff'' famous HYUNDAI MARKS, in violation of California Business and Professions Code Section 14247.

90.     Defendants' conduct has caused and will continue to cause immediate and

irreparable injury to Plaintiffs and will continue to damage Plaintiffs and deceive the public

unless enjoined by this Court. Plaintiffs have no adequate remedy at law in that the amount of

their damages is difficult to ascertain with specificity.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

<h3 style="text-align:center"><u>EIGHTH CAUSE OF ACTION</u></h3>

<h3 style="text-align:center"><u>FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200</u></h3>

91.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 90

above.

92.     Defendants' activities, including unlawfully importing, purchasing, promoting,

distributing, offering for sale, and/or selling in the United States, without Plaintiffs'

authorization and/or consent, Non-Genuine Hyundai Parts, constitutes a violation of California

Civil Code section 1797.8 *et seq*.

93.     In addition, Defendants' unauthorized use of the marks which incorporate and are

confusingly similar to the HYUNDAI MARKS has caused and/or is likely to cause confusion

among consumers, and/or has diluted and/or will continue to dilute the HYUNDAI MARKS.

94.     Defendants' activities are calculated to deceive the public and thus, constitute an

unfair and deceptive business practice.

95.     As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent

business practices, Defendants collected revenues and/or realized profits to which they were not

entitled.

96.     Plaintiffs seek restitution and disgorgement of the revenues collected and/or

profits realized by Defendants as a result of Defendants' illegal, unfair and/or deceptive business

and advertising practices.

97.     Pursuant to California Business and Professions Code sections 17203 and 17535,

Plaintiffs further seek an order of this Court enjoining Defendants from continuing its wrongful

business practices. Unless restrained by this Court, Defendants will continue to engage in illegal,

unfair, false and misleading business practices, as alleged above, in violation of sections 17200

and 17500 of the California Business and Professions Code.  Plaintiffs and the public will be

irreparably harmed if an order of the Court enjoining such practices is not granted.  Plaintiffs are

therefore entitled to preliminary and permanent injunctions.

98.     Plaintiffs have no adequate remedy at law for the injury alleged in this cause of

action, and the injury is, in part, intangible in nature and not capable of being fully measured or

valued entirely in terms of monetary damages.

99.     In addition to injunctive relief, disgorgement, and restitution, Plaintiffs are also

entitled to all other remedies provided under Business and Professions Code section 17203.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

(a)     That this Court temporarily, preliminarily, and permanently enjoin and restrain

Defendant, its officers, directors, servants, employees, attorneys, agents, representatives, and

distributors, and all other persons acting in concert or participation with Defendants from:

      i.     misrepresenting in any way the source of origin or the nature or quality of

Defendants' Non-Genuine Hyundai Parts;

      ii.     making, manufacturing, importing, using, distributing, shipping, licensing,

selling, developing, displaying, delivering, advertising and/or otherwise

marketing or disposing of Defendants' Non-Genuine Hyundai Parts;

iii.  disposing of, destroying, moving, relocating or transferring any and all of Defendants' Non-Genuine Hyundai Parts, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc. relating to Defendants' Non-Genuine Hyundai Parts;

iv.  disposing of, destroying, moving, relocating or transferring any means for making labels, stickers, packages, discs or other items relating to Defendants' Non-Genuine Hyundai Parts, or any packaging, discs, labels, stickers, stationery, business forms, and business cards relating to Defendants' counterfeit and/or infringing goods or markings, including art work, screen-printing plates, dies, matrices, decals and any other equipment; and

v.  disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, receipt, promotion, advertising, distribution, and/or shipment of Defendants' Non-Genuine Hyundai Parts.

(b)  order Defendants to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating the HYUNDAI MARKS or a colorable imitation thereof;

(c)  order Defendants to file with this Court and serve upon Plaintiffs within 30-days of being served with this Court's injunction issued in this action, a written report signed by such Defendants under oath, setting forth in detail the manner in which such Defendants complied with the injunction;

(d)  provide Plaintiffs with expedited discovery;

(e)    preliminary and permanently enjoin Defendants from further conduct which infringes the HYUNDAI MARKS;

(f)    award Plaintiffs compensatory damages, including but not limited to its actual damages, Defendants' profits, and costs pursuant to 15 U.S.C. §1117(a) and/or as otherwise provided by law;

(g)    award Plaintiffs enhanced and/or treble damages pursuant to 15 U.S.C. § 1117(a), and/or as otherwise provided by law;

(h)    award Plaintiffs its attorney's fees, pursuant to 15 U.S.C. § 1117(a).

(i)    award Plaintiffs punitive damages as provided by law;

(j)    award Plaintiffs restitution as provided by law;

(k)    order Defendants to account to Plaintiffs for all profits from its infringement of HYUNDAI MARKS;

(l)    award Plaintiffs its costs, disbursements, and attorneys' fees incurred in bringing this action;

(m)    award Plaintiffs prejudgment interest as provided by law; and

(n)    award Plaintiffs such other and further relief as this Court may deem just and proper.


Dated:  July 8, 2015                    By:    /s/ Kenneth E. Keller
                                        KENNETH E. KELLER
                                        *Pro Hac Vice*
                                        KELLER, SLOAN, ROMAN, & HOLLAND LLP
                                        555 Montgomery Street, 17th Floor
                                        San Francisco, CA  94111
                                        Telephone:  (415) 249-8330
                                        Facsimile:  (415) 249-8333
                                        Email: kkeller@ksrh.com

By:    /s/ Richard J. Sapp

RICHARD J. SAPP

NYEMASTER GOODE, P.C.

700 Walnut, Suite 1600

Des Moines, IA 50309

Telephone:  (515) 283-3144

Facsimile:  (515) 283-3108

Email: rjs@nyemaster.com


Attorneys for Plaintiffs

HYUNDAI MOTOR AMERICA, INC. and

HYUNDAI MOTOR COMPANY


## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand

trial by jury in this action on any issue triable of right by a jury.


Dated:  July 8, 2015                By:    /s/ Kenneth E. Keller

KENNETH E. KELLER

*Pro Hac Vice*

KELLER, SLOAN, ROMAN, & HOLLAND LLP

555 Montgomery Street, 17th Floor

San Francisco, CA  94111

Telephone:  (415) 249-8330

Facsimile:  (415) 249-8333

Email: kkeller@ksrh.com



By:    /s/ Richard J. Sapp

RICHARD J. SAPP

NYEMASTER GOODE, P.C.

700 Walnut, Suite 1600

Des Moines, IA 50309

Telephone:  (515) 283-3144

Facsimile:  (515) 283-3108

Email: rjs@nyemaster.com

Attorneys for Plaintiffs
HYUNDAI MOTOR AMERICA, INC. and
HYUNDAI MOTOR COMPANY

# CERTIFICATE OF SERVICE

I, Laura Miranda, hereby certify that on **July 8, 2015**, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Richard P. Sybert (SBN 8-731)
Justin H. Aida (SBN 284606)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071-2007
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: rsybert@gordonrees.com
        Jaida@gordonrees.com

Attorneys for Defendant
RYDELL CHEVROLET, INC.

Stephen J. Holtman (AT0003594)
Mark A. Roberts (AT0006579)
Dawn M. Gibson (AT0009413)
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: sholtman@simmonsperrine.com
        mroberts@simmonsperrine.com
        dgibson@simmonsperrine.com

Attorneys for Defendant
RYDELL CHEVROLET, INC.

Laura Miranda