UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

HYUNDAI MOTOR AMERICA, INC., )
et al., )
) No. 15 cv 2041 EJM
       Plaintiffs, )
vs. ) ORDER
)
RYDELL CHEVROLET, INC., )
)
       Defendant.

This matter is before the court on the defendant's resisted motion to dismiss, filed July 24, 2015. Denied.

This case involves allegations of trademark violation by sale of "gray market" Hyundai-branded automobile parts. Jurisdiction under 28 U.S.C. §1331, 1332, 1338 and 15 U.S.C. §1121.

Defendant moves to dismiss on the grounds that plaintiffs' First Amended Complaint (Complaint) fails to state a cause of action under the trademark laws and other related laws. For purposes of this motion to dismiss, the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

Plaintiffs' Complaint sounds in seven counts: (1) trademark infringement, (2) false designation of origin, (3) trademark dilution, (4) common law trademark infringement, (5) common law unfair competition, (6) trademark dilution under state (Cal.) law, and (7) unfair competition under state (Cal.) law. Plaintiffs allege that defendant is unlawfully importing, promoting and selling Hyundai-branded automobile parts branded and meant

by Hyundai for sale only outside the U.S., as Hyundai-branded parts made for sale and use *in* the U.S. The Complaint pleads that defendant is mis-branding those parts, that those parts are materially different and inferior to the Hyundai parts which Hyundai markets in the U.S., and that consumer confusion and trademark dilution result. These allegations are sufficient to plead the trademark related causes of action in the Complaint. Bourdeau Bros. v. Int'l Trade Comm., 444 F.3d 1317, 1323-24 (Fed. Cir. 2006.) Most of defendant's arguments in its motion to dismiss argue that the facts alleged in the Complaint are not true, not that they are not sufficiently pled. That is for the trial, not for this motion to dismiss. Pfeil v. State Street Bank, 671 F.3d 585 593 (6th Cir. 2012.)

    It is therefore

    ORDERED

    Denied.

    September 8, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT