IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation, HYUNDAI MOTOR COMPANY, a Korean corporation<br><br>Plaintiffs,<br><br>v.<br><br>RYDELL CHEVROLET, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 6:15-cv-02041 EJM (JSS)<br><br>**DEFENDANT RYDELL CHEVROLET, INC.'S AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Rydell Chevrolet, Inc. ("Defendant") submits its amended answer and affirmative defenses to the First Amended Complaint ("FAC") of Hyundai Motor America, Inc. and Hyundai Motor Company (collectively, "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1. Defendant admits that this Court appears to have jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a) and 1338(b) supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Defendant denies the remaining allegations contained in Paragraph 1 of the FAC.

2. Defendant admits that personal jurisdiction exists. Defendant admits that it conducts, transacts and solicits business in this State and within this District and that it sells and distributes products. Defendant denies the remaining allegations contained in Paragraph 2 of the FAC.

1

3. Defendant admits that venue is proper in this District. Defendant is without knowledge and information sufficient to answer the remaining allegations in paragraph 3 of the FAC.

## NATURE OF ACTION

4. Defendant admits that this action as currently pled seeks damages and injunctive relief based on various causes of action. Defendant denies that there is any validity or merit to the causes of action and denies that Plaintiffs have been damaged or are entitled to injunctive relief. Defendant denies the remaining allegations contained in Paragraph 4 of the FAC.

5. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 5, and therefore denies them on that basis.

6. Defendant admits that they have sold genuine Hyundai branded automobile parts in the United States to, at least, HMA's authorized dealers in the United States. Defendant further admits that it represents that the products it promotes and sells are genuine Hyundai branded auto parts because they are, in fact, genuine Hyundai branded auto parts. Defendant denies the remaining allegations in Paragraph 6 of the FAC.

## THE PARTIES

7. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 7, and therefore denies them on that basis.

8. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 8, and therefore denies them on that basis.

9. Defendant admits that it is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Waterloo, Iowa. Defendant further

admits that it promotes and sells genuine Hyundai branded auto parts to third parties within this District.

11. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 10, and therefore denies them on that basis.

11. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 11, and therefore denies them on that basis.

12. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 12, and therefore denies them on that basis.

13. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 13, and therefore denies them on that basis.

14. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 14, and therefore denies them on that basis.

15. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 15, and therefore denies them on that basis.

16. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 16, and therefore denies them on that basis.

17. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 17, and therefore denies them on that basis.

18. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 18, and therefore denies them on that basis.

19. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 19, and therefore denies them on that basis.

20. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 20, and therefore denies them on that basis.

21. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 21, and therefore denies them on that basis.

22. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 22, and therefore denies them on that basis.

23. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 23, and therefore denies them on that basis.

24. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 24, and therefore denies them on that basis.

## **MANUFACTURE OF HYUNDAI GENUINE PARTS**

25. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 25, and therefore denies them on that basis.

26. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 26, and therefore denies them on that basis.

27. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 27, and therefore denies them on that basis.

28. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 28, and therefore denies them on that basis.

29. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 29, and therefore denies them on that basis.

30. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 30, and therefore denies them on that basis.

## DEFENDANTS' UNLAWFUL ACTS

31. Defendant admits that it promotes and sells in the United States various types of genuine Hyundai branded auto parts. Defendant further admits that it has done so and continues to do so without Plaintiffs' express written consent because such consent is not necessary. Defendant denies the remaining allegations of Paragraph 31 of the FAC.

32. Defendant admits that it advertises genuine OEM parts on its website and sells and supplies to repair facilities throughout North America genuine OEM parts. Defendant admits that Defendant's LinkedIn website states "OEM Surplus Parts were originally destined to build great cars and trucks, but due to production changes or minor cosmetic flaws were excluded from the new-vehicle process." Defendant denies the remaining allegations in Paragraph 32 of the FAC.

33. Defendant denies that it personally imports parts into the United States through channels other than Plaintiffs. Defendant denies the remaining allegations in Paragraph 33 of the FAC.

34. Defendant is without knowledge and information sufficient to answer the allegations in Paragraph 34, and therefore denies them on that basis.

35. Defendant denies that any of the alleged differences set forth in Paragraph 35 are "material physical differences," instead, the alleged differences are apparently examples of product variability that occur in large scale highly diversified manufacturing network that is spread out across a variety of suppliers from around the world who manufacture genuine Hyundai branded auto parts according to Plaintiffs' specification. Defendant is without knowledge and information sufficient to answer the remaining allegations in Paragraph 35, and therefore denies them on that basis.

36. Defendant denies that Rydell Products are materially different than the Hyundai Genuine Parts. Defendant is without knowledge and information sufficient to answer the remaining allegations in Paragraph 36, and therefore denies them on that basis.

37. Defendant denies the allegations in Paragraph 37. Defendant believes that the Rydell Products originated from one of Hyundai's own U.S. manufacturers.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40. Plaintiffs have the engineering and scientific resources and presumably the expertise to compare their genuine auto parts with a suspected counterfeit part and determine whether the suspected part is or is not counterfeit. Discovery is not necessary to make this determination.

41. Defendant admits that it promotes and sells in the United States various types of genuine Hyundai branded auto parts. Defendant is without knowledge and information sufficient to answer the remaining allegations in Paragraph 41, and therefore denies them on that basis.

42. Defendant admits that it promotes and sells in the United States various types of genuine Hyundai branded auto parts to Hyundai authorized dealers. Defendant denies that it sells any Hyundai brand parts directly to consumers. Defendant is without knowledge and information sufficient to answer the remaining allegations in Paragraph 42, and therefore denies them on that basis.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47,

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## FIRST CAUSE OF ACTION

## FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

53. Defendant hereby incorporates its answers to paragraphs 1 through 52 above.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

## SECOND CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A)

60. Defendant hereby incorporates its answers to paragraphs 1 through 59 above.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## THIRD CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(B)

66. Defendant hereby incorporates its answers to paragraphs 1 through 65 above.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

## FOURTH CAUSE OF ACTION

## FOR TRADEMARK DILUTION (15 U.S.C. § 1125(c)

72. Defendant hereby incorporates its answers to paragraphs 1 through 71 above.

73. Defendant is without knowledge and information sufficient to answer the allegations in paragraph 73, and therefore denies them on that basis.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

## FIFTH CAUSE OF ACTION

## FOR COMMON LAW TRADEMARK INFRINGEMENT

78. Defendant hereby incorporates its answers to paragraphs 1 through 77 above.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

## SIXTH CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

82. Defendant hereby incorporates its answers to paragraphs 1 through 81 above.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

## SEVENTH CAUSE OF ACTION

## FOR TRADEMARK DILUTION UNDER CAL BUS & PROF CODE § 14247

86. Defendant hereby incorporates its answers to paragraphs 1 through 85 above.

87. Defendant is without knowledge and information sufficient to answer the allegations in paragraph 87, and therefore denies them on that basis.

88. Defendant is without knowledge and information sufficient to answer the allegations in paragraph 88, and therefore denies them on that basis.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

## EIGHTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION UNDER CAL BUS. & PROF. CODE § 17200

91. Defendant hereby incorporates its answers to paragraphs 1 through 90 above.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant admits that Plaintiffs seek relief in this case in the form of restitution and disgorgement, but deny that Plaintiffs are entitled to such relief. Defendant denies the remaining allegations in Paragraph 96 of the FAC.

97. Defendant admits that Plaintiffs seek an order of this Court for injunctive relief, but deny that Plaintiffs are entitled to such relief. Defendant denies the remaining allegations in Paragraph 97 of the FAC.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby sets forth the following matters constituting an avoidance or affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Consent and/or Acquiescence)

2. The FAC is barred in whole or in part due to Plaintiff's consent to and/or acquiescence of Defendant's uses.

## THIRD AFFIRMATIVE DEFENSE

(No Causation/Superseding Cause)

3. No act or omission of Defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of each answering Defendant a contributing cause thereof. Any alleged acts or omissions by Defendant were superseded by the acts or omissions

of others, including Plaintiff or other third parties named or not named in the FAC, which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

(No Damages)

4. The FAC is barred in whole or in part due to Plaintiff's lack of damages.

**FIFTH AFFIRMATIVE DEFENSE**

(No Mitigation)

5. Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish its alleged damages, and accordingly, is barred from recovery of any damages that might have been prevented by such mitigation.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

6. The FAC is barred in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

7. The FAC is barred in whole or in part by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel)

8. The FAC is barred in whole or in part by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

9. The FAC is barred in whole or in part by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

10. The FAC is barred in whole or in part to the extent that they are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mark Invalidity)

11. The FAC is barred in whole or in part due to the invalidity of Plaintiff's purported trademarks at issue.

## TWELFTH AFFIRMATIVE DEFENSE

(Good Faith)

12. At all relevant times, Defendant acted in complete good faith, thereby prohibiting a finding of intentional or willful conduct, and prohibiting the imposition of treble and/or punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unfair Competition/Bad Faith)

13. On information and belief, Plaintiff commenced this action for the sole or primary purpose of harassing its successful competitors in the market.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Privilege/Justification)

14. Defendant's acts or omissions were privileged and/or justified.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Fraud)

15. The FAC is barred in whole or in part to the extent that Plaintiff's registered trademarks were obtained and/or maintained by fraud.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

16. The FAC is barred in whole or in part to the extent that Plaintiff abandoned its purported trademarks in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Trademark Misuse)

17. The FAC is barred in whole or in part by the doctrine of trademark misuse.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

18. The FAC is barred in whole or in part because Defendant's use of the phrases at issue are not confusingly similar to Plaintiff's purported trademarks.

## NINETEENTH AFFIRMATIVE DEFENSE

(Classic Fair Use)

19. The FAC is barred in whole or in part because the purported infringing marks are phrases that are descriptive of Defendant's own goods or services, such uses are made fairly and in good faith only to describe such goods or services, and Defendant does not use the phrase as its own trademark.

### TWENTIETH AFFIRMATIVE DEFENSE

(Nominative Fair Use)

20. The FAC is barred in whole or in part because the purported infringing marks are phrases that Defendant uses in connection with goods or services not readily identifiable without use of the phrases; Defendant uses only so much of the phrases as is reasonably necessary to identify the goods or services in question; and Defendant takes no action that would suggest sponsorship or endorsement by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Do Not Comprise Materially Different Goods)

21. The FAC is barred in whole or in part because the goods at issue are not foreign manufactured goods made for a foreign market and are not materially different than Plaintiff's U.S. made goods and are thus not illegal gray market goods.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Rights and Additional Defenses)

22. Defendant has insufficient knowledge and/or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available in this action. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

### PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Plaintiffs' Prayer for Relief, Defendant states that Plaintiffs are not entitled to any of the relief sought in the Prayer for Relief of the First Amended Complaint. Except as expressly admitted or otherwise qualified herein, Defendant denies all allegations in the First Amended Complaint.

**WHEREFORE**, Rydell Chevrolet, Inc. prays as follow:

1. That judgment be entered in favor of Rydell Chevrolet, Inc. against Plaintiffs;

2. That Plaintiffs take nothing by their First Amended Complaint against Defendant and for such other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated: October 1, 2015

*/s/ Richard P. Sybert*
Richard P. Sybert, Esq.
*Pro Hac Vice*
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-7000
Facsimile: (619) 696-7124
Email: rsybert@gordonrees.com
Lead Counsel

*/s/ Justin H. Aida*
Justin H. Aida, Esq.
*Pro Hac Vice*
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
Email: jaida@gordonrees.com

*/s/ Dawn M. Gibson*
Stephen J. Holtman
Mark A. Roberts
Dawn M. Gibson
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: dgibson@simmonsperrine.com

**ATTORNEYS FOR DEFENDANT
RYDELL CHEVROLET, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015 I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all attorneys and parties of record.

/s/ Dawn M. Gibson