IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation, and HYUNDAI MOTOR COMPANY, a Korean corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYDELL CHEVROLET, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 6:15-cv-02041 EJM (JSS)<br><br>**DEFENDANT RYDELL CHEVROLET, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5(c), Defendant Rydell Chevrolet, Inc. ("Rydell") hereby seeks an Order of this Court permitting the following documents to be filed under seal: (1) portions of Defendant's Brief In Support of Motion for Enforcement of Settlement Or, in the Alternative, for Settlement Conference (the "Settlement Motion"), (2) Exhibits A, B, C, and E of the Declaration of Richard P. Sybert in Support of the Settlement Motion and (3) Exhibit A of the Declaration of Justin H. Aida in Support of the Settlement Motion. The grounds for filing said documents under seal are as follows:

1. Rydell is preparing to file the Settlement Motion in order to seek judicial enforcement of the agreed settlement terms between Rydell and Plaintiffs.

2. In support of the Settlement Motion, Rydell will submit supporting brief as well as supporting declarations, namely, the Declarations of Richard P. Sybert and Justin H. Aida with the exhibits referenced above, among others.

3. These exhibits consist of confidential settlement correspondence and confidential

settlement terms agreed to by the parties.

4. In the interests of encouraging settlement discussions between the litigants in the future, these settlement communications and terms should be kept confidential.

5. While this Court recognizes a general right to inspect and copy public records and documents, including judicial records and documents, the right to inspect and copy judicial records is not absolute. *Scott v. City of Sioux City*, 13-4064-MWB, 2015 U.S. Dist. LEXIS 44631 at *5-6 (N.D. Iowa Apr. 6, 2015) (*citing IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Thus, this Court may seal a document or portions of a document after balancing the "common-law right of access against the salutary interests served by maintaining confidentiality." *Id*. at *24 (citations omitted). In balancing these interests, this Court may "edit and redact a judicial document in order to allow access to appropriate portions of the document" while preserving the confidential nature of other portions of the document. *See id*. at *11-12 (citation omitted).

6. The "law favors settlement of controversies and, accordingly, [courts] have long held that voluntary settlement of legal disputes should be encouraged, with the terms of settlement not inordinately scrutinized." *EEOC v. American Prods. Corp*., 144 F.Supp.2d 1084, 1092 (N.D. Iowa 2001) (citations omitted).

7. Thus, neither this Court nor the public need scrutinize the settlement terms agreed to by the parties in this dispute since there is no compelling justification for the terms of the parties' settlement to be made public.

8. On the other hand, and as stated above, there are compelling interests in sealing the settlement terms between the parties, namely that parties are more apt to engage in settlement discussions and agree to settlement terms if they have the confidence that courts will endeavor to

protect the confidentiality of those settlement terms while at the same time enforcing those terms between the parties.

9. Moreover, Rydell does not request that its Settlement Motion, its brief in support of said motion and the accompanying declarations and exhibits be sealed in their entirety but merely those portions that have been redacted from the public copy of the Settlement Motion which contain the parties' settlement terms and discussions regarding those terms.

10. Thus the public right to access to judicial records and documents is not being unduly burdened by Rydell's request to file portions of these documents under seal.

11. The undersigned counsel, Justin H. Aida, has conferred with counsel for Plaintiffs in this matter and they do not oppose the relief sought.

WHEREFORE, Rydell respectfully requests that this Court grant it leave to file (1) Portions of Rydell's Brief In Support of Motion to Enforce Settlement Or, in the Alternative, for Settlement Conference, (2) Exhibits A, B, C, and E of the Declaration of Richard P. Sybert in Support of the Settlement Motion, and (3) Exhibit A of the Declaration of Justin H. Aida in Support of the Settlement Motion under seal.

*/s/ Richard P. Sybert*
Richard P. Sybert, Esq.
*Pro Hac Vice*
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-7000
Facsimile: (619) 696-7124
Email: rsybert@gordonrees.com
Lead Counsel

*/s/ Justin H. Aida*
Justin H. Aida, Esq.
*Pro Hac Vice*
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
Email: jaida@gordonrees.com

*/s/ Dawn M. Gibson*
Stephen J. Holtman
Mark A. Roberts
Dawn M. Gibson
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: dgibson@simmonsperrine.com

**Attorneys for Defendant**
**Rydell Chevrolet, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all attorneys and parties of record.

/s/ Dawn M. Gibson